# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60277
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2016

Lyle W. Cayce
Clerk

EDRAS OMAR ROMERO,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 094 503

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Edras Omar Romero, a native and citizen of El Salvador, seeks review of an order of the Board of Immigration Appeals (BIA) denying his motion for reconsideration of a motion to reopen his removal proceedings.[1] Romero sought reopening to pursue a second application for special rule cancellation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Romero did not file a petition for review of the BIA's order denying his motion to reopen. Only the denial of his motion for reconsideration is properly before this court. *See Stone v. INS*, 514 U.S. 386, 405 (1995).

No. 15-60277

removal under § 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997 (NACARA). In his motion for reconsideration, Romero challenged the BIA's denial of his motion to reopen on the grounds that (1) the motion to reopen was not timely filed, (2) he was not statutorily eligible for special rule cancellation of removal, and (3), even if he were statutorily eligible for that relief, it would not reopen the proceedings as a matter of discretion. The BIA denied the motion to reconsider after reiterating its grounds for denying the motion to reopen and noting that Romero had not identified any error of law or fact in its decision.

In his petition for review, Romero argues that the BIA should have reconsidered its denial of his motion to reopen based on his arguments that it relied on the wrong regulation in determining that his motion to reopen was not timely filed and misapplied the law in determining that he was not statutorily eligible for special rule cancellation of removal. However, he does not challenge the BIA's determination that reopening was not warranted as a matter of discretion even if he were eligible for special rule cancellation of removal.

Because the BIA's denial of Romero's motion to reopen as a matter of discretion presents an independent, unchallenged basis supporting the BIA's decision to deny Romero's motion for reconsideration of its denial of his motion to reopen, we deny Romero's petition for review on that basis. We do not reach the arguments Romero has raised in his petition for review because a favorable decision on those issues would not alter the outcome of this case.

The petition for review is DENIED.